IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DAVID WORLEY,                                    CV 04-1520-MA

                    Petitioner,                  OPINION AND ORDER

        v.

FRANK THOMPSON,

                    Respondent.

        MICHELLE A. RYAN
        818 SW Third Avenue #168
        Portland, OR  97204

            Attorney for Petitioner

        HARDY MEYERS
        Attorney General
        DOUGLAS Y.S. PARK
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, OR  97301-4096

            Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#1) is denied.

### BACKGROUND

Following a bench trial on March 8, 2000, petitioner was convicted of Robbery in the Second Degree, Attempted Kidnaping in the Second Degree (two counts), and Assault in the Fourth Degree. Resp. Ex. 103 at 108-110. He was sentenced to consecutive sentences of 70 months imprisonment for Robbery, 18 months imprisonment for Attempted Kidnaping, and 90 days of jail time for Assault. Resp. Ex. 104 at 9-10.

At trial, the evidence showed that on the evening of November 9, 1999, petitioner attacked the victim as she was returning to her car in the parking lot of a K-Mart. Resp. Ex. 103 at 10. After the victim entered her car, petitioner reached in and "shoved [her] head back into the headrest" and yelled "Move over bitch." Id. at 22. The victim struggled and screamed, to which petitioner responded, "Stop screaming or I'll shoot you." Id. at 23. Ultimately, the victim hit petitioner with her umbrella, causing him to release her. Id. at 23-28. As petitioner fled the parking lot, he drove past the victim,

allowing her to clearly observe his car, which she later positively identified. <u>Id</u>. at 28-29. The victim also positively identified petitioner from a photo throw-down. <u>Id</u>. at 36-37.

Petitioner was arrested, and his apartment was searched. Resp. Ex. 104 at 6. A backpack found in his residence contained a rope, duct tape, a knife, sexual items, and women's clothing. <u>Id</u>. While in custody petitioner expressed sorrow for the attack, indicated that he was under the influence of methamphetamine at the time, and that he needed money. Resp. Ex. 103 at 77-79.

Petitioner directly appealed his Robbery conviction, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. <u>State v. Worley</u>, 176 Or. App. 649, 32 P.3d 974 (2001), <u>rev. denied</u>, 333 Or. 595, 44 P.3d 589 (2002).

Petitioner then filed for post-conviction relief (PCR), which was denied by the Umatilla County Circuit Court, and affirmed without opinion by the Oregon Court of Appeals. Resp. Exs. 124, 125, 126; <u>Worley v. Hill</u>, 194 Or. App. 328, 95 P.3d 756 (2004). Petitioner did not seek review by the Oregon Supreme Court.

## DISCUSSION

### I. Jurisdiction

On October 19, 2004, petitioner filed for habeas corpus relief (#1) with this court, raising the following grounds for relief:

**Ground One**: The judge erred when he denied a motion to acquit on the robbery charge.  He had no explanation.

**Ground Two**: The judge erred in sentencing the defendant out of the sentencing guidelines for attempted Kidnaping in the second degree.

**Ground Three**: The judge erred when he convicted the defendant of multiple crimes when in fact this was one criminal episode.

**Ground Four**: Ineffective assistance of counsel.

**Ground Five**: The court erred when sentencing the defendant to a sex offender package.

**Ground Six**: The judge upward departed the defendant without a jury.

Respondent argues none of these claims state a basis upon which relief may be granted because they do not properly allege a federal question.  According to petitioner, two federal grounds for relief can be discerned from his petition.  Specifically, he contends that ground four, which alleges ineffective assistance of counsel, implicitly asserts that his rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated.  He also argues that ground six, which states "[t]he judge upward departed the defendant without a jury" alleges a

"denial of Sixth Amendment right to a jury trial with regard to the upward departure sentence on the Attempted Kidnaping in the Second Degree convictions."  Pet. Mem. at 5.

Mindful of the Rules Governing Section 2254[1], I find petitioner's grounds four and six, together with his supporting memorandum referencing the Sixth and Fourteenth Amendments, suffice to state a basis upon which federal habeas corpus relief could be premised.  Nevertheless, both of these claims are procedurally defaulted.

On direct review, petitioner did not challenge his departure sentence (ground six); instead he argued that his robbery conviction was not based on sufficient evidence.  Resp. Exs. 106, 108.  Although petitioner raised his ineffective assistance of counsel claim (ground four) on post-conviction review, he failed to petition for review to the Oregon Supreme Court, and thereby failed to exhaust this claim.  Resp. Ex. 111 at 7; see also 28 U.S.C. § 2254(b)(1).

Accordingly, petitioner's grounds four and six are procedurally barred, and his other grounds for relief are

---

[1] Rule 2(c) of the Rules Governing Section 2254 cases states that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge...".  28 U.S.C. § 2254.

dismissed on the basis that they fail to state a claim upon which relief can be granted in this court.

## II.  Excuse of Procedural Default

When a state prisoner has failed to exhaust his federal claims in a state court and the state court would now find the claims procedurally barred under applicable state rules, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice.  O'Sullivan, 526 U.S. at 848; Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Coleman v. Thompson, 501 U.S. 722 (1991).

### A.  Cause and Prejudice

Petitioner argues that poor advice on the part of post-conviction appellate counsel constitutes "cause" sufficient to excuse his procedural default of his ineffective assistance of counsel claim.  I disagree.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court examined when attorney error constitutes "cause" to excuse a procedural default.  The Court concluded that only in proceedings in which the petitioner has a Sixth Amendment right to counsel will attorney ignorance or inadvertence constitute cause.  Id. at 753-54.  The Court explained that "it is not the gravity of the attorney's error that matters, but that it

constitutes a violation of petitioner's [Sixth Amendment] right to counsel, so that the error must be seen as an external factor, i.e., one which may be 'imputed to the State'." <u>Id</u>. at 754.

Petitioner does not dispute that there is no constitutional right to counsel in state post-conviction proceedings. Rather, petitioner argues that the holding in <u>Coleman</u> is inapposite because his post-conviction counsel's advice not to file a Balfour brief with the Oregon Supreme Court was such an "egregious error" that counsel was no longer acting as petitioner's agent.

The Fifth Circuit rejected a similar argument, concluding that it is merely a claim of "poor representation cloaked in the mantle of no representation":

> [W]hile attempting to sidestep *Coleman* by arguing that his attorneys never represented him *at all*, [his claim] actually falls squarely within that holding. His argument is simply that his attorneys failed to act or otherwise inadvertently allowed deadlines to pass, contentions that are merely ones of poor representation cloaked in the mantle of no representation. [Petitioner] demonstrates no external impediment–necessary to show "cause"–that prevented his counsel from constructing or raising his claims.
>
> ***
>
> The crucial, and in this case fatal, distinction for [petitioner] is that the attorney errors to which he adverts occurred at the post-conviction stage. Because [petitioner] had no right to counsel in his state collateral proceeding, insofar as his claim is for ineffective assistance, it must also fail because there can be no independent constitutional violation.

<u>Fairman v. Anderson</u>, 188 F.3d 635, 643, <u>reh'g & reh'g</u> *en banc* <u>denied</u> 200 F.3d 813 (5th Cir. 1999); <u>see also</u> <u>Thomas v. Cook</u>, CV-02-1260-KI (adopting the rule in <u>Fairman</u>).

I agree with the Fifth Circuit's reasoning.[2] Accordingly, I conclude that petitioner has not identified, nor asserted that an external factor impeded his ability to file a timely petition for review in his post-conviction proceeding.

**B.  Actual Innocence**

Petitioner argues that his procedural default also should be excused because he is "actually innocent" of the crime of Kidnaping in the Second Degree.  The "miscarriage of justice" exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995) (<u>citing</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." <u>Schlup</u>, 513 U.S. at 316 & n. 32.  "[I]f a petitioner...presents

---

[2] In <u>Manning v. Foster</u>, 224 F.3d 1129, 1135 (9th Cir. 2000), the Ninth Circuit concluded that an attorney's omission, committed by an attorney *acting under a conflict of interest*, may constitute cause to excuse a procedural default even in the absence of a Sixth Amendment violation.  In the instant proceeding, however, there is no argument or evidence that petitioner's counsel acted under a conflict of interest.

evidence of innocence so strong that a court cannot have
confidence in the outcome of the trial unless the court is also
satisfied that the trial was free of non-harmless constitutional
error, the petitioner should be allowed to pass through the
gateway and argue the merits of his underlying claims." _Id_. at
316.

To be credible, a claim of actual innocence must be
supported with "new reliable evidence – whether it be exculpatory
scientific evidence, trustworthy eyewitness accounts, or critical
physical evidence-that was not presented at trial." _Id_. at 324.
The "new" evidence need not be newly available, just newly
presented – that is, evidence that was not presented at trial due
to unavailability or exclusion." _Sistrunk v. Armenakis_, 292 F.3d
669, 673 n. 4 (9th Cir.2002) (_en banc_), _cert. denied_, 537 U .S.
1113 (2003).

The required evidence must create a colorable claim of
actual innocence, that the petitioner is innocent of the charge
for which he is incarcerated, as opposed to legal innocence as a
result of legal error. _Schlup_ at 513 U.S. at 321. It is not
enough that the evidence show the existence of reasonable doubt,
petitioner must show "that it is more likely than not that no
'reasonable juror' would have convicted him." _Id_. at 329; _see_
_Van Buskirk v. Baldwin_, 265 F.3d 1080, 1084 (9th Cir.2001)("the

test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [petitioner] guilty"), cert. denied, 535 U.S. 950 (2002). In making this determination, this Court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial. Schlup, 513 U.S. at 332.

Petitioner does not present any *new* evidence in support of his argument that he is actually innocent of the crime of Attempted Kidnaping in the Second Degree. Instead, he argues that based on the Oregon Supreme Court's recent decision in State v. Wolleat, 338 Or. 469 (2005), the state was required, but failed, to show that he intended to transport his victim to a place of confinement and that he moved her a substantial distance. According to petitioner, the evidence only proved that he reached into her car, shoved her head back into the headrest and told her to move.

Petitioner's argument is one of legal insufficiency which cannot form the basis of a showing of actual innocence. Bousley v. U.S., 523 U.S. 614, 623 (1998). It is premised solely on the contention that there was not sufficient evidence of guilt at trial to support the conclusion that he intended to transport the victim to a place of confinement. Petitioner asks me to substitute my judgment for the jury, and find reasonable doubt

about his intent to transport the victim based on the same evidence presented to the jury. I decline to do so.

In the absence of any new evidence of innocence, petitioner has failed to demonstrate that it is more likely than not that no reasonable juror would have found him guilty of Attempted Kidnaping in the Second Degree. Thus, petitioner has failed to satisfy the <u>Schlup</u> gateway showing of actual innocence sufficient to excuse his procedural default.

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _9_ day of November, 2005.


 /s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District Court Judge